A CERTIFIED TRUE COPY

APR 17 2006

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

APR 17 2006

FILED
CLERK'S OFFICE

*RELEASED FOR PUBLICATION*

DOCKET NO. 1754

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## IN RE APPLE IPOD NANO PRODUCTS LIABILITY LITIGATION

*James M. Wimmer v. Apple Computer, Inc.*, N.D. California, C.A. No. 5:05-4244
*Jason Moschella, et al. v. Apple Computer, Inc.*, N.D. California, C.A. No. 5:05-4372
*Ben Jennings, et al. v. Apple Computer, Inc.*, N.D. California, C.A. No. 5:05-4520
*Emily Mayo v. Apple Computer, Inc.*, M.D. Louisiana, C.A. No. 3:05-1382
*Leonard Rappel v. Apple Computer, Inc.*, D. New Jersey, C.A. No. 3:05-5622
*Eli Kahan v. Apple Computer, Inc.*, S.D. New York, C.A. No. 1:05-9251

**BEFORE WM. TERRELL HODGES,[*] CHAIRMAN, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ,[*] ROBERT L. MILLER, JR., KATHRYN H. VRATIL[**] AND DAVID R. HANSEN, JUDGES OF THE PANEL**

### TRANSFER ORDER

This litigation currently consists of three actions pending in the Northern District of California and one action each pending in the Middle District of Louisiana, the District of New Jersey, and the Southern District of New York.[1] Defendant Apple Computer, Inc. (Apple) moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Northern District of California. No party opposes centralization.

On the basis of the papers filed and hearing session held, the Panel finds that these six actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. These actions are putative class actions sharing factual questions regarding allegations that (1) the iPod nano – a small and thin portable digital music player with a color liquid crystal display screen – is defective because it scratches excessively with normal use; (2) Apple failed to disclose and repair this alleged defect; and (3) Apple failed to abide by the iPod nano's warranty. Centralization under Section 1407 is necessary in order to eliminate

---

[*] Judges Hodges and Motz did not participate in the Panel's decision of this matter.

[**] In light of the fact that Judge Vratil could be a member of the putative class(es) in this litigation, she has filed with the Clerk of the Panel a formal renunciation of any claim that she may have as a putative class member, thereby removing any basis for a disqualification of Judge Vratil on that ground.

[1] The Panel has been notified of two additional actions pending respectively in the Northern District of California and the Middle District of Louisiana. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

- 2 -

duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to questions of class certification), and conserve the resources of the parties, their counsel and the judiciary.

We are persuaded that the Northern District of California is an appropriate transferee forum for this litigation. The Northern District of California is a likely source of relevant documents and witnesses inasmuch as Apple's headquarters are located there. Further, no party opposes centralization in this district.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the Northern District of California are transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Ronald M. Whyte for coordinated or consolidated pretrial proceedings with the actions pending in that district.

FOR THE PANEL:

*John F. Keenan*

John F. Keenan
Acting Chairman